Donald **MATLOCK** & Shirley Matlock,
Plaintiffs/Appellants,

v.

**MIDWEST WASTE INDUSTRIAL, INC.,**
et al., Defendants/Respondents.

No. 64781.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 11, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 30, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Donald S. Singer, Kenneth E. Dick, Edwards, Singer, Wolk & Spoeneman, St. Louis, for appellants.

Theodore J. MacDonald, Jr., Donald J. Ohl, Burroughs, Helper, Broom, MacDonald & Hebrank, Edwardsville, IL, K. Steven Jones, Evans & Dixon, St. Louis, for respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment based upon a jury verdict in this action for injuries sustained by Donald Matlock [1] during an encounter with a trash compactor at his place of employment in January 1986. We affirm.

Plaintiff was employed by General Motors as a trash hauler at its Union Avenue plant in St. Louis. His job consisted of collecting loaded rolling trash gondolas from around the facility, towing them to trash compactors, and attaching the lifting arm of the compactor to the gondola so the gondola could be hydraulically lifted up and emptied into the compactor. Plaintiff was injured on the first day of operation of new compactors provided and maintained by defendant Midwest Waste Industrial, Inc. and designed and installed by Eco Systems, Inc.

The replaced compactors required the operator to maintain continuous pressure on a switch for the compactor to continue the lifting operation. The new system provided three buttons, up, down and off, and did not require continuous pressure on the up or down button for the lifting operation to continue. Plaintiff connected a gondola to the lifting arm and activated the up button. He

---

1. Shirley Matlock was at the time of the injury Donald Matlock's wife and sought recovery for loss of consortium. We will refer to Donald Matlock as the plaintiff.

then saw a garbage bag draped over the side of the gondola and without stopping the machinery attempted to push the bag into the gondola. In doing so he was trapped between the lifting arm and the trash bin wall. He sustained scraping injuries to his neck and face and broken facial bones.

Plaintiff contended that the feature of the machinery which allowed the lifting arm to continue operating without affirmative pressure by the operator rendered the compactor defective. Much of the dispute at trial centered around whether General Motors had requested the compactor function without affirmative pressure by the operator.

Plaintiff contends that the trial court committed reversible error in failing to sustain plaintiff's objection to a portion of defendant Eco's argument which plaintiff asserts was a misstatement of the law. During the course of the argument counsel for defendant Eco stated:

> There's one other aspect of the claim on the product defect, and that is, even if it was defective, if Mr. Matlock knew at the time he was involved in this incident, if he knew of the possibility of being hurt, he appreciated the danger of being hurt, yet he went ahead and exposed himself to that danger, then you also must put on this Part 1 [referring to the verdict form], if you believe Donald Matlock was partly at fault in that regard, you have to put on Part 1, Ecosystems' name.
>
> If Donald Matlock was partly at fault on the product claim, you have to put his name—put Ecosystems' name up there. You cannot find in favor of Donald Matlock if he was partly at fault on the product claim. And I think the evidence, as Mr. MacDonald said, is crystal clear that he was partly at fault. He knew that there was a danger.
>
> MR. SINGER: Your Honor, I'm going to object to that. I think that's a misstatement of the law to the jury, that they can't find on the product liability if he's partly at fault. That's a misstatement of the law. I object to it.
>
> THE COURT: Let me see the instruction.
>
> MR. JONES: It's a contributory to the instruction.

> THE COURT: The objection is overruled. The jury will be guided by the instructions as given.
>
> MR. JONES: And the question boils down to, did he know that he could get hurt if he exposed himself to this moving machinery? You bet he did. The question is, that Mr. MacDonald asked him, and a different question that was not read to you earlier said, "You knew, did you not, that you had to get your arm and body out of that area quickly as you could because of the lifting arm would be coming up, true?"
>
> "I knew I had to get in and out before I would get hung."
>
> No doubt about it, that he knew that by sticking his head, arm or whatever he did put in there, that he knew there was a possibility of getting caught.

In denying the motion for new trial the trial court addressed the issue of its overruling plaintiff's objection to the argument. The court stated in its memorandum:

> The Court is persuaded that it was error to overrule the objection to the argument of Eco's counsel. This is so because there were two claims submitted to the jury: a negligence claim, which necessitated apportionment of fault, and a pre–1987 products liability claim, to which contributory fault is a defense. The defense of contributory fault is more than mere contributory negligence, but consists of the plaintiff voluntarily and unreasonably exposing himself to a known and appreciated danger in the use of a product. *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491 (Mo. banc 1986). To permit defendant Eco to argue that plaintiff's products liability claim was defeated if plaintiff was "partly at fault" was likely to mislead and confuse the jury.

The court denied the motion for new trial on the basis that the record refuted any inference of prejudice from the ruling or the argument.

 The trial court has wide discretion in permitting, restraining and purging closing argument. However, there is no room for the exercise of judicial discretion on an

**58**

issue of law. *Hill v. Barton*, 579 S.W.2d 121 (Mo.App.1979) [4, 5]. In ruling on the propriety of final argument, the challenged statement should be interpreted in light of the entire record, not in isolation. *Titsworth v. Powell*, 776 S.W.2d 416 (Mo.App.1989) [9–11]. In a pre–1987 products liability claim contributory fault is a complete defense. *Lippard v. Houdaille Industries, Inc., supra* [1–3]; *Jarrell v. Fort Worth Steel & Manufacturing Co.*, 666 S.W.2d 828 (Mo.App.1984) [1]. The latter case sets forth the elements of the defense as (1) the plaintiff knew the facts which create the danger, (2) the plaintiff comprehended and appreciated the danger, and (3) the plaintiff nevertheless voluntarily and unreasonably exposed himself to the risk. "Contributory fault" is invoked even where the product is defective and by definition connotes that both plaintiff and defendant are at fault, i.e., each is partly at fault for the injury. In this case MAI 32.23, the instruction for comparative fault, was given and no contention is made that there was no evidence to support that defense.

Having the complete transcript of the argument before us, which presumably the trial court did not, we are unable to conclude that Eco's counsel made a misstatement of the law. The argument carefully stated that the argument of a contributory fault defense was only being raised as to the claim "on the product defect", "on the product claim". "Part 1" referred to in the argument was that portion of the verdict form relating solely to the product liability count. It is clear that the argument concerning plaintiff's partial fault was directed solely to the product liability count and not the negligence count.

Further the argument was not a misstatement of the law. It stated that plaintiff was not entitled to recover at all on the product defect claim if he knew the possibility of being hurt, appreciated the danger of being hurt, and went ahead and exposed himself to the danger. With the exception of stating "unreasonably" exposed himself to the danger, the argument closely tracked the instruction. Plaintiff did not challenge the failure to include the "unreasonably" element of the defense in the argument but restricted the objection to the contention that "they

can't find on the product liability if he's partly at fault" was a misstatement. It was not.

We have reviewed plaintiffs other claims of error and find no error. The rulings of the trial court challenged by plaintiffs were within the discretion of the court. Additional discussion would have no precedential value. We affirm as to those points pursuant to Rule 84.16(b).

Judgment affirmed.

KAROHL and WHITE, JJ., concur.